IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: **122 Parsons Ave, Unit 338, Columbus, OH, 43215** | Case No.  2:24-mj-447 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, **Kyle Spence** being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as **122 Parsons Ave, Unit 338, Columbus, OH, 43215** hereinafter "PREMISES," further described in Attachment A, for the things described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation and have been since October 20th, 2023. I am currently assigned to the Cincinnati Field Office, Columbus Resident Agency. I am responsible for conducting complex financial crime investigations. Before my assignment in Cincinnati, I spent four months at the FBI Training Academy in Quantico, VA, where I received training in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probably cause.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

**PROBABLE CAUSE**

4. On or about December 8th, 2021, Special Agents received a supplemental bankruptcy criminal referral from the Office of the United States Trustees, Region 9 – Columbus office. In the referral, Latasha Marie Collins-Ford (Ford) was listed as a subject for the identity theft of Robin Hill (Hill).

5. On or about March 28, 2019, the identity of Robin Hill (Hill) was used to apply for a lease at the residence of 8442 Arlen Dr, Blacklick, OH, 43004. Starting on April 1, 2019 for a period of approximately two years, Hill failed to properly pay rent at the residence. On September 23, 2021 a notice of eviction was filed by the American Homes 4 Rent Properties Seven LLC.

6. On or about October 15, 2021, a Chapter 13 Bankruptcy was filed in the United States Bankruptcy Court, Southern District of Ohio in the name of Robin Hill, case number 20-50153. In the bankruptcy case of Robin Hill, a copy of the photo ID of non-debtor Latasha Marie Collins-Ford was submitted with the bankruptcy documents. The photo ID of Ford displayed the address 8442 Arlen Dr. Blacklick, OH, 43004, the identical address used by Robin Hill in the bankruptcy documents. Contained in the bankruptcy documents were phone numbers and email addresses including (614) 625-2911 and artford1121@gmail.com.

7. On or about, January 20, 2022, The United States Bankruptcy Court, Southern District of Ohio, Eastern Division dismissed the petition for bankruptcy for failure to file schedules and plan, and to file acceptable photo ID for Robin Hill.

8. On or about March, 2024, SA Kyle Spence reviewed records from Sprint Corporation for phone number (614) 625-2911. The records showed that from November 4, 2014 to March 12, 2020, Latasha Ford was the subscriber for the account. On March 12, 2020 the billing name was changed to Kaylyn Jones. The billing address was changed on July 1, 2022 to 8442 Arlen Drive, Blacklick, Oh, 43004. The account was cancelled on May 21, 2023 using the same network access identifier for when the account was opened, Latashaford4@myboostmobile.sprintpcs.com.

9. For the email artford1121@gmail.com, records received from Google Inc. and reviewed by SA Spence on or about March 2024, show the name Latasha Collins listed as the customer and billing name. The recovery email listed for the account is Latashaford89@yahoo.com, and the recovery phone number as (614)-625-2911.

10. For the email latashaford89@yahoo.com, records received from Yahoo Inc. on November 9, 2023, and reviewed by SA Spence in March 2024, revealed Latasha Ford as the full name for the account. Also listed as recovery information was the email Missgore55@gmail.com and phone number (614)-625-2911.

11. For the email missgore55@gmail.com, records received from Google Inc. on May 22, 2023, showed the subscriber name of Tera Turpin (a future victim), and the recovery email artford1121@gmail.com, and recovery phone number (614)-625-2911. Under the customer profile details of the return, Latasha Collins is listed under the billing name.

3

12. On or about, February 25, 2022, the identity of Catherine Volin (Volin) was used to rent a residence at 145 Saddle Tree Ct, Delaware, OH 43004, owned by Brick & Vine LLC. Listed on the lease application was the phone number (614)-625-2911. The email Volincathy08@gmail.com was used in the Application screening report and lease agreement during the application of 145 Saddle Tree Ct, a property owned by Brink and Vine LLC.

13. On or about August 27, 2024, upon a review of federal grand jury subpoena records for Latasha Collins-Ford obtained from Chime, $50.00 was debited to Latasha's checking account on Febuary 24, 2022 as a payment to "Rii 1 Sc". On the same day, per Resident Ledger records obtained from Brick and Vine LLC, a payment of $50.00 posted to Catherine Volin's account with the description "Debit Card On-Line payment."  Furthermore, $773.95 was debited to Latasha's checking account on 3/01/2022 as a payment to "Rii 1 Sc". On the same day, a payment of $770.00 posted to Catherine Volin's account with the description "Debit Card On-Line Payment".

14. Records received from Google Inc and reviewed by SA Spence on or about March 2024 show the recovery email for the account to be missgore55@gmail.com, and recovery phone number 614-625-2911.

15. On or about August 3, 2022, Brick and Vine LLC, filed an eviction notice with the Delaware Municipal Court against Catherine Volin at the residence of 145 Saddle Tree Ct. for failure to pay rent for the amount of $5,729.60.

4

16. On or about August 31, 2022, a notice of a chapter 13 bankruptcy was filed with the United States Bankruptcy Court, Southern District of Ohio for the identity of Catherine Volin, case number 2:22bk52529. The photo ID of the non-debtor Latasha Marie Collins-Ford was submitted with bankruptcy documents. The bankruptcy petition contained the email address of missgore55@gmail.com.

17. On or about September 7, 2022, The U.S. Trustees requested motion to dismiss the debtor for other cause and expunge record of filing for failure to provide required Photo Identification, and failure to file her Chapter 13 plan.

18. On or about September 15, 2022, David T. Powell, A Staff Attorney for Edward A. Bailey received a call from phone number 614-625-2911 who claimed to be Catherine Volin and left a voicemail. When David Powell called the number which went to voicemail, the voicemail was in the name of either C. Marie or T. Marie.

19. On or about October 4, 2022, The United States Bankruptcy Court for the Southern District of Ohio granted the motion to dismiss the bankruptcy case and expunge the record of filing.

20. On or about October, 2022, Pamela Arndt of the United States Trustees Office received several emails from missgore55@gmail.com regarding the Bankruptcy case of Catherine Volin. Latasha Collins is listed next to the email header.

21. On or about October 11th, 2022, at 2:59 p.m. Pamela Arndt of the United States Trustees Office received a voicemail a person purporting to be Catherine Volin. During the voicemail, the phone number 614-625-2911 was left.

22. On or about October 12th, 2022, at 9:22 a.m. Pamela Arndt of the United States Trustees Office received a second voicemail from a person purporting to be Catherine Volin. During the voicemail, the phone number 614-625-2911 was left.

23. On February 17, 2023, Latasha Collins-Ford filed a personal Chapter 13 Bankruptcy for the United States Bankruptcy Court for the Southern District of Ohio. Listed on her Chapter 13 plan was the address 145 Saddle Tree Court, Delaware, Ohio, 43015, which she listed as her personal address.

24. On March 9, 2023, Brick and Vine LLC, filed a second eviction notice with the Delaware Municipal Court against Catherine Volin at the residence of 145 Saddle Tree Ct. for failure to pay rent for the amount of $27,580.74.

25. On August 21, 2023, following the eviction and set out of the residence at 145 Saddle Tree Court, items were found and received from Brick & Vine LLC. This included a document relating to the personal Chapter 13 Bankruptcy case of Latasha Collins-Ford, case number 2:23-bk-50497. (ATTACHMENT C)

26. On or about May 11, 2023, the identity of Tera Turpin was used to sign a lease and application for 6436 Aero Drive, Columbus, Ohio, 43235, a property owned by The Conner

6

Group. Listed on application documents and information provided to The Conner Group was the email Missgore55@gmail.com and phone number (614)-625-2911.

27. On or about August 1, 2023, the identity of Tera Turpin was used to file for bankruptcy. Listed on the bankruptcy documents was the email cmvictoria221@gmail.com, and the photo ID of non-debtor Tammy Arlene Vance. Records received from Google Inc and reviewed by SA Spence show that the email belongs to a Princess Ford, the daughter of Latasha Ford.

28. On or about August 26, 2024, upon review of federal grand jury subpoena records for Latasha Collins-Ford obtained from H&R Block, $508.73 was debited to Latasha's spending account on March 1, 2023 as a payment to "District at Linworth W". On the same day, per Resident Ledger records obtained from The Connor Group, the owners of the District at Linworth apartment complex, a payment of $508.73 posted to Tera Turpin's account with the description "Payment by Credit Card - Fisher."

29. On August 29, 2023, The United States Marshal Service (USMS) provided footage of an African American female resembling Ford who purported herself as Tera Turpin at a case hearing for case 23-52625 at the United States Bankruptcy Court for the Southern District of Ohio. (ATTACHMENT D)

30. On September 21, 2023, The United States Bankruptcy Court, Southern District of Ohio, Eastern Division dismissed the petition for bankruptcy for failure to file schedules and plan, and to file acceptable photo ID for Tera Turpin.

31. On or about October 13, 2024, Latasha Collins Ford submitted an rental application to The Heights at Worthington Place, owed by The Champions Company. With the application, Ford's license is submitted with the application. Latashaford89@yahoo.com and the phone number 614-625-2911 are also listed on the application.

32. On or about after the application was denied, Latashaford89@yahoo.com sent an email containing an image of a document stating that her US Bankruptcy case, case number 2:23-bk-50497 had been dismissed. (ATTACHMENT E) A records check was conducted showing that her case had not been dismissed.

33. On or about October 25, 2023, Latasha Ford submitted another rental application for the Caldera House, owned by The Champions Companies. Listed in the application was Latashaford89@yahoo.com and phone number 614-625-2911.

34. Ford submitted both her driver license ID and passport ID as part of the application.

35. $49.00 and $200.00 were authorized transactions on Latasha's H&R Block spending account on October 26 and 28, 2024, respectively. On the same days, per Resident Ledger records obtained from Champion, payments of $49.00 and $200.00 respectively posted to Latasha Collins-Ford's account with the descriptions "Credit Card One Time Payment; Reversed". Per the H&R Block records and the Resident Ledger records, the $49.00 and $200.00 charges were both reversed.

36. Bank records received from Chime Financial for the bank account of Latasha Collins listed the phone number 614-625-2911 and email address latashaford89@yahoo.com.

37. Physical Surveillance conducted at the Yardley Apartments spotted the vehicle for Latasha Marie Collins Ford parked in the parking garage of the complex. BMV records also show the address 122 Parsons Ave, Unit 338, Columbus, Ohio, 43215 on the license of Latasha Marie Collins Ford.

38. Upon review of the federal grand jury subpoena records for Latasha Collins-Ford obtained from H&R Block, a charge of $344.99 was posted to Latasha's spending account on April 2nd, 2024, as a payment to Metropolitan Holdings. Based on open-source research, Metropolitan Holdings is a real estate developer with properties in Columbus, Ohio, including the Yardley apartment complex located at 122 Parsons Ave.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

39. As described above and in Attachment B, this application seeks permission to search for records that might be found on the PREMISES, in whatever form they are found. One form in which the records might be found is data stored on a computer's hard drive or other storage media. Thus, the warrant applied for would authorize the seizure of electronic storage media or, potentially, the copying of electronically stored information, all under Rule 41(e)(2)(B).

40. *Probable cause.* I submit that if a computer or storage medium is found on the PREMISES, there is probable cause to believe those records will be stored on that computer or storage medium, for at least the following reasons:

 a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

 b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

 c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few

10

examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

41. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only computer files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how computers were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence will be on any storage medium in the PREMISES because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers,

e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created, although this information can later be falsified.

b. As explained herein, information stored within a computer and other electronic storage media may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within a computer or storage media (e.g., registry information, communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the computer or storage media. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs

may indicate whether the computer was remotely accessed, thus inculpating or exculpating the computer owner. Further, computer and storage media activity can indicate how and when the computer or storage media was accessed or used. For example, as described herein, computers typically contain information that log: computer user account session times and durations, computer activity associated with user accounts, electronic storage media that connected with the computer, and the IP addresses through which the computer accessed networks and the internet. Such information allows investigators to understand the chronological context of computer or electronic storage media access, use, and events relating to the crime under investigation. Additionally, some information stored within a computer or electronic storage media may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a computer may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The existence of such image files, along with external device connection logs, may also indicate the presence of additional electronic storage media (e.g., a digital camera or cellular phone with an incorporated camera). The geographic and timeline information described herein may either inculpate or exculpate the computer user. Last, information stored within a computer may provide relevant

13

    insight into the computer user's state of mind as it relates to the offense under investigation. For example, information within the computer may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the computer or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

c. A person with appropriate familiarity with how a computer works can, after examining this forensic evidence in its proper context, draw conclusions about how computers were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, computer evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

14

 e. Further, in finding evidence of how a computer was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

42. *Necessity of seizing or copying entire computers or storage media.* In most cases, a thorough search of a premises for information that might be stored on storage media often requires the seizure of the physical storage media and later off-site review consistent with the warrant. In lieu of removing storage media from the premises, it is sometimes possible to make an image copy of storage media. Generally speaking, imaging is the taking of a complete electronic picture of the computer's data, including all hidden sectors and deleted files. Either seizure or imaging is often necessary to ensure the accuracy and completeness of data recorded on the storage media, and to prevent the loss of the data either from accidental or intentional destruction. This is true because of the following:

 a. The time required for an examination. As noted above, not all evidence takes the form of documents and files that can be easily viewed on site. Analyzing evidence of how a computer has been used, what it has been used for, and who has used it requires considerable time, and taking that much time on premises could be unreasonable. As explained above, because the warrant calls for forensic

15

electronic evidence, it is exceedingly likely that it will be necessary to thoroughly examine storage media to obtain evidence. Storage media can store a large volume of information. Reviewing that information for things described in the warrant can take weeks or months, depending on the volume of data stored, and would be impractical and invasive to attempt on-site.

b. *Technical requirements.* Computers can be configured in several different ways, featuring a variety of different operating systems, application software, and configurations. Therefore, searching them sometimes requires tools or knowledge that might not be present on the search site. The vast array of computer hardware and software available makes it difficult to know before a search what tools or knowledge will be required to analyze the system and its data on the Premises. However, taking the storage media off-site and reviewing it in a controlled environment will allow its examination with the proper tools and knowledge.

c. *Variety of forms of electronic media.* Records sought under this warrant could be stored in a variety of storage media formats that may require off-site reviewing with specialized forensic tools.

43. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit seizing, imaging, or otherwise copying storage media that reasonably appear to contain some or all of the evidence described in the

warrant, and would authorize a later review of the media or information consistent with the warrant. The later review may require techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of a hard drive to human inspection in order to determine whether it is evidence described by the warrant.

44. Because several people share the PREMISES as a residence, it is possible that the PREMISES will contain storage media that are predominantly used, and perhaps owned, by persons who are not suspected of a crime. If it is nonetheless determined that that it is possible that the things described in this warrant could be found on any of those computers or storage media, the warrant applied for would permit the seizure and review of those items as well.

## CONCLUSION

45. I submit that this affidavit supports probable cause for a warrant to search the PREMISES described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

KYLE SPENCE
Digitally signed by KYLE SPENCE
Date: 2024.09.05 16:32:14 -04

Kyle Spence
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on September 6, 2024:



Elizabeth A. Preston Deavers
United States Magistrate Judge